**Rajinder SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

Nos. 03–71472, 03–72975.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

In these consolidated petitions, Rajinder Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of a continuance to allow Singh to obtain new counsel (No. 03–71472) and the BIA's denial of his motion to reopen proceedings in order to apply for adjustment of status (No. 03–72975). We deny both petitions for review.

The IJ did not abuse his discretion in denying a continuance to allow Singh to obtain a new attorney. See Nakamoto v. Ashcroft, 363 F.3d 874, 883 n. 6 (9th Cir. 2004) (reviewing an IJ's denial of a motion for continuance for abuse of discretion). The IJ granted Singh one continuance to obtain a new attorney. At the next scheduled hearing, Singh appeared with the same attorney and told the IJ that he wanted the attorney to represent him. Given the information the IJ had before him, it was not an abuse of discretion to deny the continuance. We do not consider whether the denial of the continuance resulted in a due process violation because Singh's counseled brief fails to properly argue the issue. See Martinez–Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The BIA's denial of a motion to reopen is reviewed for abuse of discretion and will only be reversed if it is "arbitrary, irrational, or contrary to law." Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (citation omitted). Because Singh failed to produce clear and convincing evidence indicating his marriage was bona fide, the BIA did not abuse its discretion in denying the motion to reopen. See Malhi v. INS, 336 F.3d 989, 994 (9th Cir.2003).

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITIONS FOR REVIEW DENIED.**

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.